■ CHARLES W. BRYANT, Doing Business as BRYANT'S MILLS, Respondent, v JOHN H. WRIGHT et al., Appellants.—Appeal from a judgment of the Supreme Court, entered April 22, 1977 in Essex County, upon a verdict rendered at a Trial Term in favor of plaintiff, awarding him $7,290.92 as damages for breach of contract. Plaintiff Bryant and defendant Wright, a paraplegic, entered into an oral contract for the construction of a new home for Wright. Certain needs of Mr. Wright, such as wide doorways for the passage of a wheelchair and level floors throughout for the easier movement of the chair, were understood between the parties to be essential requirements of contract performance by plaintiff Bryant. The plaintiff was paid $13,000 in July, 1974 and another $12,000 in August of the same year. The

final $10,000 was to be paid upon completion of the house. In January, 1975, after the defendant and his family had moved into the new home, plaintiff personally submitted his final statement in the amount of $9,790.92, said bill reflecting certain agreed-upon modifications. The defendant refused to pay. Plaintiff sued and defendant answered with three affirmative defenses and four counterclaims. The first affirmative defense alleging that the contract was void because it was not in writing is without merit. There is no contention that the subject home could not have been completed within one year (General Obligations Law, § 5-701). The third affirmative defense claiming that the lien filed prior to suit was exaggerated is without support in the record. Submitted for jury consideration were the issues of substantial performance of the contract by plaintiff, raised by the second affirmative defense together with the general denials contained in the answer, and defendant's right, asserted in the four counterclaims, to recover the $25,000 paid to plaintiff. The jury found that plaintiff had substantially performed the terms of the oral contract and awarded the balance due less the sum of $2,500 found to be necessary to correct those defects that represented a departure from full performance. Of course, it found the counterclaim meritless. This appeal ensued. We affirm. The plaintiff satisfactorily proved the contract price, substantial performance of the terms of the contract and the cost of repairs required to completely finish the home. He did not seek recovery on *quantum meruit* theory *(Steel Stor. & Elevator Constr. Co. v Stock,* 225 NY 173). The record is void of any proof that the defects as corrected would not fulfill plaintiff's obligation, central to the interest of the parties, to build a home in which a paraplegic could freely move about. Defendants' contention that the jury's inquiry as to how they should legally phrase their verdict should have prompted the court to recharge the jury, is without merit. The legal concepts contained in the jury's question were proper. They were merely seeking instruction, a right to which the court properly responded. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.