OPINION OF THE COURT
Memorandum.
The order of the Appellate Division appealed from and the prior nonfinal order of that court brought up for review should be affirmed, with costs (see, CPLR 5501 [b]).
Plaintiff was awarded a contract by the City of New York to construct an air pollution device at the Greenpoint Incinerator in Brooklyn for a fixed price of $5,119,000. Work was to commence on January 5, 1973 and be completed by July 8, 1975. Delays started early in the performance of the contract but work continued until about November 1976 when plaintiff left the still uncompleted job. At that time plaintiff had been paid $4,176,553.
Though the complaint included a cause of action for breach of contract, plaintiff tried its case to the jury on a theory of rescission entitling it to recover damages in quantum meruit. Without objection from plaintiff, the jury was charged on this basis, and it returned a verdict for plaintiff, finding that the city had breached the contract, that plaintiff properly exercised its right to rescind, and that there was no waiver of the right to rescind. Plaintiff was awarded judgment in the amount of $2,088,795.26. On defendant’s appeal, the Appellate Division modified the judgment, affirming the aforementioned jury findings but ordering a new trial as to proof of actual damages (87 AD2d 329). Upon retrial, plaintiff was awarded judgment in the amount of $121,745.44, the Appellate Division affirmed, and a motion for leave to appeal to this court was denied (67 NY2d 602). The present appeal is taken as of right from the first Appellate Division order, pursuant to CPLR 5601 (d).
In its arguments to this court, plaintiff has limited its submission to a single "narrowly focussed issue of law”: "In this action to recover upon the defendant-owner’s (affirmed) *945 material breach of a construction contract, upon the remand for a trial as to damages only, did the Appellate Division properly restrict the plaintiff to proof of damages on a quantum meruit basis only, or should it have permitted proof and recovery of compensatory (contract) damages?” This issue is, however, beyond our review. Having itself deliberately chosen to try its case to the jury on a theory of rescission entitling it to quantum meruit damages, with the charge and verdict premised on this theory, plaintiff cannot now be heard to complain that it should be permitted to pursue the alternate theory alleged in the complaint (see, Martin v City of Cohoes, 37 NY2d 162).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order of the Appellate Division appealed from and the prior nonfinal order brought up for review affirmed, with costs, in a memorandum.