■ MICHELE HARTER, Appellant, v FRED KRAUSE, Respondent. [672 NYS2d 545] —Spain, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered March 21, 1997 in Broome County, upon a decision of the court partially in favor of plaintiff.

In August 1995, the parties entered into a written contract whereby defendant, a general contractor, agreed to construct a sizable addition and to perform substantial demolition and renovation work on the residence owned by plaintiff in the Town of Windsor, Broome County. The final contract, which incorporated plaintiff's changes to two proposed contracts drafted by defendant during negotiations, provided that plaintiff was to make five progress payments to defendant totaling $75,800. Defendant and an employee commenced the work with the assistance of subcontractors hired to perform excavation and foundation work. The project progressed without incident until defendant notified plaintiff of a defect in the existing foundation which required unanticipated demolition and repairs at an additional cost of $6,995. After plaintiff agreed to the change, defendant continued work under the contract until plaintiff refused to furnish payment over and above the $52,860 previously expended. Defendant then ceased working and filed a mechanic's lien in the amount of $27,945, which plaintiff discharged by depositing the amount of the lien with Supreme Court.

Plaintiff thereafter commenced this action for breach of contract, alleging, *inter alia*, that defendant's work under the contract was incomplete and was not performed in a workmanlike manner. A nonjury trial ensued at which plaintiff and her housemate testified that defendant omitted a wraparound portion of a deck and a third bathroom which were originally included in the contract, failed to complete certain plumbing and railing work and constructed the rear deck too close to electrical lines, requiring her to move the lines underground at a cost of $1,350. Plaintiff also called a residential building contractor who testified on her behalf concerning alleged construction deficiencies and the cost of remediation. This expert opined that, *inter alia*, improper excavation of the foundation for the addition resulted in a nine-inch height differential between the new and old portion of the basement floor; in his opinion, this defect, which would cost $8,404 to correct, caused basement flooding and would ultimately weaken the basement wall and cause sagging. He further opined that it would cost $249 to rehang the entrance door to accommodate an incorrectly poured step, $986 to complete installation of the attic and basement insulation and $350 to repair the inadequately supported front porch.

Defendant, appearing *pro se*, testified, *inter alia*, that many of the disputed items were not included in the contract price and that during the course of construction plaintiff agreed to

eliminate the wraparound deck, the third bathroom and the trim work. According to defendant's calculations, after subtracting the agreed-upon credits and allowances for items such as flooring, windows and doors, there was a $16,145 balance due on the contract for work performed and a $11,055 balance due for "extras" not included in the contract price, such as the foundation repair and the additional electrical, plumbing and heating work.

Following the trial, Supreme Court found that plaintiff "established by a fair preponderance of the credible evidence that * * * some work was done poorly by defendant and some work was left undone"; significantly, however, Supreme Court also found that "[a]s to the remainder of [plaintiff's] claim(s) there was a failure of proof". Supreme Court credited plaintiff $11,330 of the $27,945 in escrowed funds in order to complete the insulation and to remedy defects in the front porch, the foundation, the entrance door and the electrical lines, and awarded defendant the remaining $16,615 without identifying which contract items and extras were included in the award. Plaintiff appeals.

We affirm. "Although this Court in a nonjury trial is not limited to determining whether the findings of the trial court are supported by the weight of the credible evidence, deference will still be given to the trial court's assessment of credibility issues" (*J & J Structures v Callanan Indus.*, 215 AD2d 890, 891, *lv denied* 86 NY2d 708; *see, Matter of Zielinski*, 208 AD2d 275, *lv dismissed* 86 NY2d 861; *Niles v State of New York*, 201 AD2d 774; *Saulpaugh v State of New York*, 132 AD2d 781; *Cordts v State of New York*, 125 AD2d 746, 749). Furthermore, the conduct of the parties may demonstrate "an indisputable mutual departure from the written agreement" (*Austin v Barber*, 227 AD2d 826, 828). Here, although Supreme Court found some merit in plaintiff's claims, the record reveals that plaintiff was aware of the work being performed by defendant and that her housemate was not only intimately aware of all the work being completed by defendant, but was involved in the construction on a daily basis (*see, id.*; *Reed Paving v Glen Ave. Bldrs.*, 148 AD2d 934, 935; *Najjar Indus. v City of New York*, 87 AD2d 329, 332, *affd* 68 NY2d 943). On the record before us we cannot conclude that Supreme Court erred in its resolution of this matter under principles of quantum meruit.

We reject plaintiff's contention that Supreme Court erred in determining that General Business Law § 771 was inapplicable. While the failure to strictly comply with the statute bars recovery under an oral or insufficiently detailed written home

improvement contract, such failure does not preclude recovery for completed work under principles of quantum meruit (*see, Matter of Custom Crafts by Bulzomi v Frommer*, 182 AD2d 760).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.