■ JOHN B. FRANK, Respondent, v GRANT N. FEISS, et al., Appellants, et al., Defendant. [698 NYS2d 363] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Grant N. Feiss and Sandra R. Feiss appeal from a judgment that, *inter alia,* granted plaintiff foreclosure of a mechanic's lien and a money judgment against them in an action based upon an oral contract for the improvement of defendants' real property. Defendants contend that the finding of Supreme Court that plaintiff substantially performed his contractual obligations is against the weight of the evidence and that the failure of plaintiff to comply with General Business Law § 771 bars him from any recovery based upon breach of contract. Affording due deference to the court's finding that plaintiff performed 90% of his contract obligations (*see, Thoreson v Penthouse Intl.,* 80 NY2d 490, 495, *rearg denied* 81 NY2d 835; *Syracuse Airport Metroplex v City of Syracuse,* 249 AD2d 926;

*Douglas Constr. v Marcais*, 239 AD2d 803), we conclude that such finding is not against the weight of the evidence. We agree with defendants, however, that the failure of plaintiff to enter into a signed written home improvement contract in conformity with General Business Law § 771 bars recovery based upon breach of contract (*see, Harter v Krause*, 250 AD2d 984, 986-987; *Mindich Developers v Milstein*, 227 AD2d 536; *cf., Wowaka & Sons v Pardell*, 242 AD2d 1). Nevertheless, plaintiff is entitled to recover based upon quantum meruit (*see, William Conover, Inc. v Waldorf*, 251 AD2d 727; *Harter v Krause, supra,* at 986-987; *Mindich Developers v Milstein, supra*). While the measure of damages for breach of contract based upon substantial performance is the contract price less the cost of completion and the cost of repairing work improperly done (*see, Woodward v Fuller*, 80 NY 312, 315-316; *Bryant v Wright*, 63 AD2d 1087, 1088), the measure of damages in quantum meruit is the reasonable value of the labor and materials supplied by plaintiff (*see, Bauman Assocs. v H & M Intl. Transp.*, 171 AD2d 479, 484; *Moors v Hall*, 143 AD2d 336, 337-338; *see also, Najjar Indus. v City of New York*, 87 AD2d 329, 331-332, *affd* 68 NY2d 943).

Although there is no direct evidence of the reasonable value of the work performed, the parties' agreement furnishes evidence of such value (*see, Taylor & Jennings v Bellino Bros. Constr. Co.*, 106 AD2d 779; *see generally,* 22A NY Jur 2d, Contracts, § 603, at 360). Based upon the contract prices and the court's conclusion that plaintiff completed 90% of his work in a workmanlike manner, we conclude that the fair and reasonable value of that work is 90% of the contract price ($52,951.50), less payments made by defendants ($37,589), or $15,362.50. Defendants are entitled to a set-off equal to the amount of their judgment against plaintiff on the counterclaim in the sum of $3,884, leaving a net amount due plaintiff of $11,478.50. We therefore modify the judgment by providing in the first decretal paragraph that plaintiff is awarded $11,478.50 and by vacating the fifth decretal paragraph. (Appeal from Judgment of Supreme Court, Cattaraugus County, Euken, J.—Lien Law.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.