■ **David J. Earley, III**, Appellant, v **Town of Allegany** et al., Respondents. [748 NYS2d 197] —Appeal from certain parts of an order of Supreme Court, Cattaraugus County (NeMoyer, J.), entered May 8, 2001, that, inter alia, granted the cross motion of defendant Edmond Chevrolet, Inc. for summary judgment dismissing the amended complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained as a passenger in a vehicle involved in a one-vehicle accident. Defendant Edmond Chevrolet, Inc. (Edmond Chevrolet), a Pennsylvania corporation, sold the vehicle to defendant Lori A. Ginter and Carol A. Ginter. Contrary to plaintiff's contention, Supreme Court properly denied that part of plaintiff's motion for summary judgment concerning Edmond Chevrolet's ownership of the vehicle on the date of the accident and properly granted the cross motion of Edmond Chevrolet for summary judgment dismissing the amended complaint and cross claims against it. Edmond Chevrolet established that it did not own the vehicle on the date of the accident by submitting an affidavit of its general manager, who averred that Edmond Chevrolet had sold the vehicle to the Ginters and issued temporary intransit registration plates to them prior to the date of the accident in compliance with Pennsylvania law (*see generally* Pa Cons Stat Ann, tit 75, § 1331 [c]). Plaintiff conceded at oral argument on the motion that Edmond Chevrolet had complied with Pennsylvania law

in the sale of the vehicle to the Ginters and failed to raise an issue of fact whether Edmond Chevrolet still owned the vehicle on the date of the accident. Plaintiff contends that Edmond Chevrolet should be estopped from denying ownership of the vehicle because it failed to verify proof of financial responsibility before issuing a temporary registration to the Ginters (*see* Pa Cons Stat Ann, tit 75, § 1318; *Brown v Harper,* 231 AD2d 483, 484). That contention, raised for the first time on appeal, is not preserved for our review (*see Fischer v Zepa Consulting,* 263 AD2d 946, 947, *affd* 95 NY2d 66; *Deputy Sheriff's Benevolent Assn. of Onondaga County v County of Onondaga,* 288 AD2d 953, 954; *Luckern v Lyonsdale Energy Ltd. Partnership,* 281 AD2d 884, 885). Contrary to plaintiff's further contention, the court also properly denied that part of plaintiff's motion to strike Edmond Chevrolet's notice to admit. In support of the motion, plaintiff averred that paragraph 4 of the notice was improper because it called for a legal conclusion. Edmond Chevrolet thereafter withdrew that paragraph. In the absence of any further complaint by plaintiff, the court properly denied that part of plaintiff's motion to strike the notice to admit. Present—Green, J.P., Hayes, Hurlbutt, Gorski and Lawton, JJ.