■ PRECISION FOUNDATIONS, Respondent, v ROBERT IVES, Appellant. [772 NYS2d 116]—

Mercure, J. Appeals (1) from a judgment of the Supreme Court (Canfield, J.), entered August 22, 2002 in Rensselaer County, upon a decision of the court in favor of plaintiff, (2) from an order of said court, entered December 4, 2002 in Rensselaer County, which, inter alia, denied defendant's motion to set aside the judgment, (3) from the judgment entered thereon, and (4) from an amended judgment of said court, entered January 7, 2003 in Rensselaer County, which, inter alia, dismissed defendant's complaint.

Defendant, acting as a general contractor, decided to build a new home at his lakeside camp in the Town of Grafton, Rensselaer County. Defendant contacted plaintiff in April 1994 to do certain concrete work for the project, including the foundation, floors and cellar walls. The parties did not sign a written contract, although plaintiff's partner, David Mease, testified that he provided defendant with a written estimate of $16,400 for the work. Defendant disputed receiving that estimate and indicated that plaintiff proposed a cost of $14,200. It is undisputed that plaintiff received a down payment of $5,000. Plaintiff poured the foundation, including the footings and frost walls, in October and November 1994. Thereafter, for disputed reasons, plaintiff did not complete the remaining work. In December 1994, defendant hired another subcontractor to finish the concrete work, including the patio floor, for $6,300. According to defendant, the patio floor cracked the following spring. Subsequently, plaintiff approached defendant seeking payment of the balance due on the work done in October and November 1994 and defendant refused to pay.

Plaintiff commenced litigation almost four years later and, subsequently, in a verified complaint, alleged causes of action in implied contract, quantum meruit and account stated. Defendant commenced a separate action against plaintiff seeking $25,000 for breach of contract claiming, among other things, that plaintiff's inadequate construction of the footings and frost walls caused defendant's patio floor to crack. Plaintiff denied those allegations, contending that defendant's improper pouring of the patio floor during adverse weather conditions caused the defect. The two actions were consolidated and, after a nonjury trial, Supreme Court, in an August 2002 judgment, ruled in

plaintiff's favor on all theories of recovery,[1] determining that the reasonable value of labor and services provided by plaintiff was $11,760. After subtracting the $5,000 down payment, the court held that plaintiff was entitled to $6,760 with interest from November 30, 1994. The court also determined that defendant failed to prove that he was entitled to recover the necessary cost of repairing the crack in his patio floor or replacing the frost wall or footings in that area. Defendant moved to, among other things, set aside the judgment and plaintiff cross-moved for counsel fees and the imposition of sanctions. In a December 2002 order and judgment, Supreme Court denied both motions and imposed costs upon defendant. In January 2003, Supreme Court rendered an amended judgment which again awarded plaintiff $6,760 in damages and, additionally, dismissed defendant's action against plaintiff. Defendant appeals from all determinations.

Initially, we agree with defendant's contention that Supreme Court erred in denying his motion for a directed verdict as to the implied contract cause of action based upon plaintiff's failure to produce a written contract executed by both parties. General Business Law § 771 requires that all home improvement contracts be in writing and signed by both parties (see General Business Law § 771 [1]). Here, while Mease testified that he signed and gave defendant a written estimate of the work to be performed, there is no proof that defendant signed the estimate or any agreement setting forth the responsibilities of each party. Therefore, General Business Law § 771 bars plaintiff's recovery based upon breach of contract (see Frank v Feiss, 266 AD2d 825, 826 [1999]; Mindich Devs. v Milstein, 227 AD2d 536, 536-537 [1996]).

On the other hand, the absence of a written contract does not bar recovery in quantum meruit (see Frank v Feiss, supra at 826; Conover, Inc. v Waldorf, 251 AD2d 727, 728 [1998]; Harter v Krause, 250 AD2d 984, 986-987 [1998]; Mindich Devs. v Milstein, supra at 537). To prevail on that cause of action, a party must prove "(1) performance of services in good faith, (2) acceptance of the services by the person for whom they were rendered, (3) an expectation of compensation, and (4) the reasonable value of the services performed" (Clark v Torian, 214 AD2d 938, 938 [1995]). Upon review of Supreme Court's findings and the record as a whole, we cannot conclude that the de-

---

1. We note that, on appeal, plaintiff does not dispute defendant's contention that plaintiff failed to present sufficient proof supporting its cause of action for account stated. Accordingly, it is unnecessary to address that issue.

cision in plaintiff's favor under principles of quantum meruit was against the weight of the evidence.[2]

Here, it is undisputed that defendant solicited plaintiff's services and, even though initially delayed by the site not being in a suitable condition for pouring concrete, plaintiff did finally pour the concrete footings, frost walls and foundation walls for defendant's house and garage. Thereafter, defendant requested that the patio floor be poured immediately. Mease testified that he told defendant they would need two weeks to fit defendant's job into the schedule. He further stated that when he returned to the site in the latter part of November 1994 prepared to work, the job could not be performed because of dirt piles in the area where the concrete was to be poured. According to Mease, he told defendant that his excavator would have to level the ground where the patio floor was going to be constructed, but defendant refused stating that if Mease did not excavate that portion of the ground, he would hire someone else to complete the concrete work. Mease stated that he "felt fired" and never returned to finish the job. He testified that the reasonable value of the labor and services provided to defendant to that point amounted to $11,760.

Defendant contends that plaintiff failed to complete the entire job and the work completed was inadequate. Specifically, defendant argues that plaintiff did not pour the frost walls and footings 48 inches below finished grade as required by the plans and specifications.[3] While plaintiff's employees testified that this requirement was met, defendant's expert measured from the top of the frost wall to the bottom of the footing and found it to be 43 inches. Consequently, defendant's expert opined that "frost heave" caused the undersized outer frost wall to move up and down as the temperature fluctuated, cracking the patio floor. An independent third party measured the depth of the frost wall and footings and concluded that the depth was 46½ inches.[4] While the exact height of the outer frost wall was clearly disputed, Supreme Court did not specifically resolve that discrepancy. Instead, the court credited the opinion of plaintiff's

---

2. Defendant asserts that the quantum meruit claim is barred by the doctrine of laches. Having failed to raise this issue prior to or during trial, defendant failed to preserve that issue for appellate review (*see Earley v Town of Allegany*, 298 AD2d 906, 907 [2002]).

3. The evidence indicates that frost walls and footings must be poured far enough below ground so as to avoid the vertical shifting that can result from the contraction and expansion of the soil during the fluctuating temperatures between winter and spring.

4. Contrary to defendant's argument, although the parties did, at Supreme Court's suggestion, stipulate to having a third-party perform measurements,

expert that the patio floor cracked because the subcontractor who poured that floor did not leave artificial warming devices in place for a sufficient period of time to allow the concrete to properly set during winter conditions. As a result, according to plaintiff's expert, the defective concrete floor, and not the frost wall, moved up and down, and it was that movement which caused the patio floor to crack.

After considering the proof, Supreme Court found that plaintiff substantially performed its obligations (*see Mechanical Piping Serv. v Jayeff Constr. Corp.*, 215 AD2d 541, 541-542 [1995]) and satisfied every element of a quantum meruit claim. Notably, while this Court's authority to review a nonjury verdict is broad, a trial court's resolution of credibility issues will be afforded deference (*see Austin v Barber*, 227 AD2d 826, 829 [1996]; *Howard v Carr*, 222 AD2d 843, 846 [1995]). Given the sharply conflicting opinions offered by the parties' experts and the testimony of other witnesses, we find no reason to disturb the court's decision in this regard (*see Douglas Constr. of Fulton County v Marcais*, 239 AD2d 803 [1997]).

Turning to Supreme Court's award of preverdict interest to plaintiff, we note that such awards are discretionary for a quantum meruit claim (*see* CPLR 5001 [a]). Here, as already indicated, plaintiff waited almost four years after having rendered its services to bring this litigation. Under the particular circumstances herein, we do not find a sufficient basis for a discretionary award of preverdict interest on plaintiff's quantum meruit claim and, accordingly, reverse that award.

We have examined defendant's remaining arguments, including his claim that Supreme Court improperly admitted and credited testimony from plaintiff's expert, and find them to be unpersuasive.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment entered August 22, 2002 and the amended judgment entered January 7, 2003 are modified, on the facts, without costs, by reversing so much thereof as awarded plaintiff preverdict interest; said award vacated; and, as so modified, affirmed. Ordered that the order entered December 4, 2002 and the judgment entered thereon are affirmed, without costs.

---

there was no stipulation that the resulting measurements would be controlling.