■ CIR ELECTRICAL CONSTRUCTION CORP., Appellant, v BLACK CREEK INTEGRATED SYSTEMS CORP. et al., Respondents, et al., Defendant. (Appeal No. 4.) [778 NYS2d 361]—Appeal from an order of the Supreme Court, Niagara County (Norman E. Joslin, J.H.O.), entered May 7, 2003. The order granted plaintiff's motion and amended the judgment entered March 13, 2003 by correcting the amount of prejudgment interest.

Appeal from an amended judgment of the Supreme Court, Niagara County (Norman E. Joslin, J.H.O.), entered May 7, 2003. The amended judgment was entered upon an order of that court, which amended the judgment entered March 13, 2003 by correcting the amount of prejudgment interest.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously modified on the law by increasing the amount of the judgment to $204,183, with interest at the rate of 9% per annum thereon from March 1, 1996 to November 2, 2002 in the sum of $122,509.80, totaling

$326,692.80, and as modified the amended judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover payment for electrical services it performed for defendant Black Creek Integrated Systems Corp. (Black Creek). After a trial on liability, Supreme Court determined that plaintiff was entitled to recover the value of the materials and services it provided to Black Creek, and we affirmed that judgment on a prior appeal (*CIR Elec. Constr. Corp. v Black Creek Integrated Sys. Corp.*, 305 AD2d 1107 [2003]). While that appeal was pending, the court referred the issue of damages to a judicial hearing officer (JHO). We agree with plaintiff that the JHO erred in his computation of damages.

At the trial on damages, plaintiff submitted invoices representing its labor and material costs that, after a deduction for amounts paid by Black Creek, totaled $204,183, and plaintiff further submitted testimony establishing that the amount sought was reasonable. In opposition, defendants failed to submit any evidence to controvert plaintiff's evidence, and focused instead on establishing that the bid price was reasonable. We conclude, however, that the bid price was irrelevant because the parties had agreed to proceed on a time and materials basis (*see Dobert Constr. Corp. v Dan Holser Excavating*, 36 AD2d 1002, 1003 [1971]; *see generally Najjar Indus. v City of New York*, 87 AD2d 329, 331-332 [1982], *affd* 68 NY2d 943 [1986]). Plaintiff was thus entitled to judgment as a matter of law on the amount requested in its invoices. We therefore modify the amended judgment by increasing the amount of the judgment to $204,183, with interest at the rate of 9% per annum thereon from March 1, 1996 to November 2, 2002 in the sum of $122,509.80, totaling $326,692.80. Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.