■ CHANG HAN KIM et al., Respondents, v CLYMER CENTRAL SCHOOL et al., Respondents, and ENVIRONMENTAL PRODUCTS & SERVICES, INC., Appellant, et al., Defendant. [900 NYS2d 227]— Appeal from an order of the Supreme Court, Chautauqua County (John T. Ward, A.J.), entered November 7, 2008 in a personal injury action. The order, inter alia, granted the motion of plaintiffs for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying plaintiffs' motion and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Chautauqua County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this Labor Law and common-law negligence action to recover damages for injuries sustained by Chang Han Kim (plaintiff) when he fell from a ladder while removing asbestos from defendant Clymer Central School. Defendant Environmental Products & Services, Inc. (EPS) appeals from an order that, inter alia, granted the motion of plaintiffs for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). We conclude that plaintiffs met their initial burden by "establish[ing] that there was a violation of the statute, which was the proximate cause of [plaintiff's] injuries" (*Cherry v Time Warner, Inc.*, 66 AD3d 233, 236 [2009]). We further conclude, however, that EPS raised a triable issue of fact whether the actions of plaintiff were the sole proximate

cause of his injuries and thus whether plaintiffs are not entitled to partial summary judgment (*see generally Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]). We therefore modify the order accordingly.

Although EPS further contends that Supreme Court erred in failing to dismiss the Labor Law § 241 (6) claim, we note that the order on appeal expressly provides that it does not address the Labor Law § 241 (6) claim. Indeed, it would not be necessary for the court to address that claim in view of its resolution of plaintiffs' motion with respect to section 240 (1). "Inasmuch as the [Labor Law § 241 (6)] issue is no longer moot, we remit the matter to Supreme Court [to determine those parts of the motion of EPS and the motion of defendants Clymer Central School, School Board of Clymer Central School District and Barnes Construction Company for summary judgment dismissing that claim]" (*Murray v Lancaster Motorsports, Inc.*, 27 AD3d 1193, 1196 [2006]).

We have considered the remaining contention of EPS and conclude that it is without merit. Present—Smith, J.P., Centra, Fahey and Pine, JJ.