■ BIN GU, Appellant, v PALM BEACH TAN, INC., Defendant/ Third Third-Party Plaintiff/Fourth Third-Party Plaintiff, NORTH-EAST TAN, LLC, et al., Defendants/Third Third-Party Plaintiffs/ Fourth Third-Party Plaintiffs-Respondents, CONTEMPORARY ENVIRONMENTAL MANAGEMENT, INC., Doing Business as CONTEM-PORARY CONSTRUCTION, Defendant/Third-Party Plaintiff-Respondent, RD MANAGEMENT LLC et al., Defendants-Respondents, and NEW YORK CONNECTICUT DEVELOPMENT CORP., Defendant/Third-Party Defendant/Second Third-Party Plaintiff/ Third Third-Party Defendant-Respondent, et al., Defendants. SMART CHOICE OF NEW YORK, INC., Second Third-Party Defend-ant/Fourth Third-Party Defendant-Respondent. [917 NYS2d 661]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an or-der of the Supreme Court, Queens County (Flaherty, J.), entered November 24, 2009, as denied those branches of his cross mo-tion which were for summary judgment on the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against the defendants Northeast Tan, LLC, CT Tan, LLC, Contemporary Environmental Management, Inc., doing business as Contempo-rary Construction, FB Mt. Kisco Owner, LLC, RD Management LLC, and New York Connecticut Development Corp.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the defendants Northeast Tan, LLC, and CT Tan, LLC, the defendants FB Mt. Kisco Owner, LLC, and RD Management LLC, and the second third-party defendant/ fourth third-party defendant, Smart Choice of New York, Inc., appearing separately and filing separate briefs.

In September 2006 the plaintiff, an employee of Smart Choice of New York, Inc., was installing sheetrock in the course of a construction project at a tanning salon. He was standing on the second rung of an open and locked A-frame ladder which he placed on top of a six-foot scaffold, with all its wheels locked,

when he fell from the ladder and to the floor, sustaining injury. The plaintiff then commenced this action against the owners and lessees of the tanning salon, as well as the contractors associated with the construction project, seeking to recover damages, pursuant to, inter alia, Labor Law § 240 (1), for personal injuries he allegedly sustained from the accident.

Contrary to the plaintiff's contention, the Supreme Court properly denied those branches of his cross motion which were for summary judgment on the Labor Law § 240 (1) cause of action insofar as asserted against the defendants Northeast Tan, LLC, CT Tan, LLC, Contemporary Environmental Management, Inc., doing business as Contemporary Construction, FB Mt. Kisco Owner, LLC, RD Management LLC, and New York Connecticut Development Corp. (hereafter collectively the defendants).

"Labor Law § 240 (1) imposes absolute liability on owners, contractors and agents for their failure to provide workers with safety devices that properly protect against elevation-related special hazards. Breach of the statutory duty must be the proximate cause of the injury. The statute is to be interpreted liberally to accomplish its purpose" (*Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]; *see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 512-514 [1991]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 514 [1985]). In order to prevail on a Labor Law § 240 (1) cause of action, the plaintiff must establish a violation of the statute and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]).

Applying these principles to the matter at bar, the plaintiff established his prima facie entitlement to judgment as a matter of law with evidence that he was not provided with an adequate safety device, and that such a violation of Labor Law § 240 (1) was a proximate cause of his accident (*see Ortiz v 164 Atl. Ave., LLC*, 77 AD3d 807 [2010]).

In opposition, however, the defendants and the second third-party defendant/fourth third-party defendant, Smart Choice of New York, Inc., raised a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of his accident. Specifically, they submitted evidence showing, inter alia, that the scaffold provided to the plaintiff to perform his work was safe and adequate, in and of itself, for the job at hand, thereby negating any need for the plaintiff's placement of the ladder on top of the scaffold (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs.*

*of N.Y. City*, 1 NY3d at 291; *Chang Han Kim v Clymer Cent. School*, 72 AD3d 1547 [2010]; *cf. Chlebowski v Esber*, 58 AD3d 662 [2009]; *Rudnik v Brogor Realty Corp.*, 45 AD3d 828 [2007]).

Accordingly, the Supreme Court correctly denied those branches of the plaintiff's cross motion which were for summary judgment on the Labor Law § 240 (1) cause of action insofar as asserted against the defendants. Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.