■ BIN GU, Respondent, v PALM BEACH TAN, INC., et al., Defendants/Third Third-Party Plaintiffs/Fourth Third-Party Plaintiffs, et al., Defendant/Third-Party Plaintiff, RD MANAGEMENT LLC et al., Defendants, and NEW YORK CONNECTICUT DEVELOPMENT CORP., Defendant/Third-Party Defendant/Second Third-Party Plaintiff/Third Third-Party Defendant. SMART CHOICE OF NEW YORK, INC., Second Third-Party Defendant/ Fourth Third-Party Defendant-Appellant. [917 NYS2d 878]—In an action to recover damages for personal injuries, the second third-party defendant/fourth third-party defendant, Smart Choice of New York, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flaherty, J.), entered December 3, 2009, as denied that branch of its motion which was for summary judgment dismissing the cause of action in the amended complaint alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly denied that branch of the motion of the second third-party defendant/fourth third-party defendant, Smart Choice of New York, Inc., which was for summary judgment dismissing the cause of action in the amended complaint alleging a violation of Labor Law § 240 (1), because triable issues of fact exist as to whether the plaintiff's alleged conduct was the sole proximate cause of the subject accident, for the reasons stated in *Bin Gu v Palm Beach Tan, Inc.* (81 AD3d 867 [2011] [decided herewith]). Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.