OPINION OF THE COURT
Susan I. Kettner, J.
In this small claims “breach of contract” action, plaintiff seeks to recoup $600 representing the balance owed for a *757 transcription job she performed for defendant. Defendant seeks dismissal and counterclaims for the amount of $50 representing the deposit he paid for the work, based upon “breach of the warranty of marketability and particular fitness and use” and “erroneous and not as bargained for” defective work. (Defendant’s counterclaim 1i 8, at 11.) A nonjury trial was held on July 14, 2011. The court received the following into evidence:
Plaintiffs exhibit 1
Plaintiffs exhibit 2
Defendant’s exhibit A
Defendant’s exhibit B
Defendant’s exhibit C
Invoice dated March 25, 2011 in the amount of $600
Transcript of cassette No. 1 and cassette No. 3
Invoice dated June 20, 2006 in the amount of $995
Transcript of cassette No. 1 corrected by defendant
Transcript of cassette No. 1 beginning on page 9 of plaintiffs exhibit 2, as corrected by defendant as completed transcript
Facts
The credible facts adduced at a nonjury trial held on July 14, 2011 established the following:
Marion Rosley (plaintiff) has been in the secretarial transcription and translation services business for 33 years. Glenn Allyn (defendant) sent plaintiff three cassette tapes for transcription. One of the tapes was defective and barely audible. The parties had previously done business together on at least one prior occasion five years ago resulting in a positive outcome. Both the recent job, which is the subject matter of this lawsuit and the prior transcription jobs were contracted pursuant to a verbal agreement at the behest of defendant. In both instances, defendant paid a small deposit in advance, with the balance due when the transcription was completed and delivered.
Plaintiff testified that she transcribed material for defendant pursuant to his request on or about March 25, 2011. She provided the finished transcript based upon her listening to the three cassette tapes provided by the defendant. One tape was almost completely inaudible and the other two were partially inaudible. She testified that she did the best that she could with the material provided by defendant. Due to the technical difficulties with the tape, the job took longer than usual. Plaintiff provided the completed transcript to defendant and heard nothing. When she did not receive payment in a timely fashion, she tried unsuccessfully to reach the defendant by phone several times. When she was finally able to speak with defendant, he *758 indicated his dissatisfaction with her work. Plaintiff offered to rectify the transcripts. Defendant indicated to her that it was too much to revise.
Plaintiff, in objecting to defendant’s submission of his version of the finished transcription product, further pointed to the fact that the tapes contained a conversation solely between the defendant and another party and that since defendant was a party to the conversation, it would have been easier for him to reconstruct the conversation despite the defective cassette. Neither party introduced any evidence of the cassettes used in the transcription.
Defendant testified that it was his understanding that the job would not be so costly. He introduced a prior invoice submitted by plaintiff in 2006 in the total amount of $995 for a much more lengthy transcription job, which he claimed was delivered in accordance with the oral agreement. He further testified that when plaintiff contacted him regarding payment and offered to cure the situation, he indicated that he was not interested. Rather, defendant indicated that the product “was not able to be revised” and proceeded to transcribe (or recreate from memory) portions of the tape. He indicated that the product was “crap”; that there was no hourly rate provided in advance and no advance warning from the defendant that it would cost more, due to the difficulty inherent in transcribing defective tapes.
Discussion
Here, the undisputed facts are: no written contract; a prior course of dealing also based upon a verbal agreement and payment. Added to this mix, defendant provided plaintiff with defective inaudible tapes, setting the stage for impossibility of full performance. Defendant, a party to the transcribed tape, transcribed the tapes or recreated the tapes in part from memory.
Where as here, there is a dispute as to the elements proving the existence of a contract, a plaintiff is not required to elect a remedy to recover but may proceed on theory of contract for the balance due or quantum meruit for the reasonable value of services rendered. The parties did not have a written contract and it is clear that plaintiff did not set forth in advance an hourly rate or per page charge for transcription. Plaintiff, however, did testify that she charged $40 hourly and that this job took four or five days. She further testified that the tapes were extremely difficult to transcribe, which was undisputed.
*759 Based upon the evidence adduced at trial, the court did find the necessary elements constituting a basis for recovery under a theory of quantum meruit: (1) an agreement to perform transcription services in good faith; (2) acceptance of the service; (3) a reasonable expectation for payment for services rendered; (4) reasonable value for services performed. (See Precision Founds. v Ives, 4 AD3d 589 [3d Dept 2004].)
The Uniform City Court Act § 1801 defines a small claim as “any cause of action for money only.” UCCA 1804 further provides that “[t]he court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law” (emphasis added). Small claims courts offer a forum that is truly the “people’s court,” where litigants can have their cases heard expeditiously without the necessity of hiring an attorney. Although formal procedural law (with a few exceptions) is largely dispensed with, there is a requirement of strict adherence to substantive law.
UCCA 1801 defines a “small claim” as a “cause of action for money only” (emphasis added). Equitable claims, such as a claim based upon quantum meruit (meaning, “for what it is worth”) are not permitted in the small claims part of the city courts in New York. This court rejects Professor Siegel’s analysis (citing the New York City Civil Court Act) that “[w]hether ‘legal’ or ‘equitable’, the claim is too small to be worth litigating anywhere else” (Siegel, NY Prac § 581, at 965 [3d ed 1999]) and that the better “rule” is that subject-matter jurisdiction exists as to any suit seeking monetary damages only, even where the “action arises in a context that theoretically is or historically was equitable” in nature. (Arthur E Engoren, The Small Claims Manual, at 22 [2001], citing David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 1801, at 278-279 [1989].) The plain answer to Mr. Siegel is that the lower courts have not been granted authority by the legislature to entertain equitable relief.
Call for Legislative Action
This court notes that the instant small claims case presents the lower courts with the dilemma where our mandate to render “substantial justice” in small claims matters collides with our obligation to faithfully follow the substantive law. It is for this reason that I respectfully suggest that the legislature consider amending the quartet of lower court acts to permit these courts *760 (City, New York City, District and Justice Courts) to entertain limited equitable claims, counterclaims and defenses in the context of awarding a monetary judgment in small claims cases.
With respect to the instant “breach of contract” action, which is really an equitable action based on quantum meruit, the court dismisses both the claim and the counterclaim without prejudice with leave to commence the action in the appropriate forum.