Weiss v Zellar Homes, Ltd. (2019 NY Slip Op 01024)





Weiss v Zellar Homes, Ltd.


2019 NY Slip Op 01024


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1136 CA 18-00566

[*1]CARL WEISS AND ANNE WEISS, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
ZELLAR HOMES, LTD., DAVID ZELLAR, MODERN HOME MECHANICS, INC., DEFENDANTS-RESPONDENTS, PROBUILD COMPANY LLC, DEFENDANT-RESPONDENT-APPELLANT, ET AL., DEFENDANTS. 






MENTER, RUDIN & TRIVELPIECE, P.C., SYRACASE (MICHAEL J. BALESTRA OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.
THE LAW FIRM OF ELIAS C. SCHWARTZ, PLLC, GREAT NECK (MICHELLE ENGLANDER OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.
CURTIN LAW FIRM, P.C., CAZENOVIA (PAUL J. CURTIN, JR., OF COUNSEL), FOR DEFENDANTS-RESPONDENTS ZELLAR HOMES, LTD. AND DAVID ZELLAR. 


 Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered February 6, 2018. The order, among other things, denied the motion of plaintiffs for partial summary judgment and granted the "third party cross motion[s]" of defendants Zellar Homes, LTD. and David Zellar. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiffs' motion and dismissing the second counterclaim of defendants Zellar Homes, LTD. and David Zellar, denying the "third party cross motion[s]" of defendants Zellar Homes, LTD. and David Zellar, and vacating the first, fourth and fifth ordering paragraphs, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiffs contracted with defendants Zellar Homes, LTD. and David Zellar (collectively, Zellar defendants) to construct a residence in Skaneateles. Plaintiffs halted the project after construction began due to alleged defects in the work and thereafter commenced this action against Zellar defendants and numerous subcontractors, including defendants ProBuild Company LLC (ProBuild) and Modern Home Mechanics, Inc. (MHM), seeking damages for, among other things, diversion of trust funds in violation of Lien Law article 3-A and breach of contract. Plaintiffs moved for partial summary judgment on liability on their diversion of trust funds cause of action and dismissing Zellar defendants' counterclaim for breach of contract, and for an order determining that the contract was unenforceable and that Zellar defendants are limited to seeking recovery under quantum meruit. ProBuild moved and MHM cross-moved for partial summary judgment on certain cross claims against Zellar defendants and, in papers submitted in opposition to those motions, Zellar defendants filed "third party cross motion[s]" seeking an order directing plaintiffs, as owner trustees under Lien Law article 3-A, to release trust funds to ProBuild and MHM in the amounts currently due and owing to them. Plaintiffs appeal and ProBuild, in effect, cross-appeals from an order that, among other things, granted the cross motions of Zellar defendants and directed plaintiffs to deposit sufficient funds into Zellar defendants' purported trust account to pay the claims of all the unpaid subcontractors, and denied as moot the motions of plaintiff and ProBuild and the cross motion of MHM.
We agree with plaintiffs on their appeal that Supreme Court erred in denying those parts of their motion seeking partial summary judgment dismissing Zellar defendants' counterclaim for [*2]breach of contract and an order determining that the contract was unenforceable, and that Zellar defendants are limited to seeking recovery under quantum meruit. We therefore modify the order accordingly. In support of their motion, plaintiffs established that the contract at issue failed to comply with General Business Law § 771 inasmuch as it did not "contain the following notice to the owner in clear and conspicuous bold face type: Any contractor, subcontractor, or materialman who provides home improvement goods or services pursuant to your home improvement contract and who is not paid may have a valid legal claim against your property known as a mechanic's lien' " (§ 771 [1] [d]). In opposition, Zellar defendants failed to raise a triable issue of fact whether the contract complied with that section (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]) and, contrary to their contention, the failure "to enter into a signed written home improvement contract in conformity with General Business Law § 771 bars recovery based upon breach of contract" (Frank v Feiss, 266 AD2d 825, 826 [4th Dept 1999]). Nevertheless, although "the failure to strictly comply with the statute bars recovery under an oral or insufficiently detailed written home improvement contract, such failure does not preclude recovery for completed work under principles of quantum meruit" (Harter v Krause, 250 AD2d 984, 986-987 [3d Dept 1998]; see Frank, 266 AD2d at 826).
We reject Zellar defendants' contention, advanced as an alternative ground for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), that plaintiffs' motion with respect to the breach of contract counterclaim was premature because further discovery was necessary. In opposing a summary judgment motion as premature pursuant to CPLR 3212 (f), "the opposing party must make an evidentiary showing supporting [the conclusion that facts essential to justify opposition may exist but cannot then be stated, and] mere speculation or conjecture [is] insufficient" (Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Center for the Visually Impaired [appeal No. 2], 118 AD3d 1454, 1456 [4th Dept 2014] [internal quotation marks omitted]). The opposing party must demonstrate that "the discovery sought would produce evidence sufficient to defeat the motion . . . , and that facts essential to oppose the motion were in [the movant's] exclusive knowledge and possession and could be obtained by discovery" (id. [internal quotation marks omitted]). Zellar defendants failed to make the requisite showing here.
We also agree with plaintiffs that the court erred in denying that part of their motion seeking partial summary judgment on liability on their cause of action alleging diversion of trust funds in violation of Lien Law article 3-A, and we therefore further modify the order accordingly. Plaintiffs met their initial burden on that part of the motion by establishing that Zellar defendants possessed trust funds within the meaning of the Lien Law and failed to keep the records required by that statute. Lien Law § 75 (4) provides that the "[f]ailure of the trustee to keep the books or records required by th[at] section shall be presumptive evidence that the trustee has applied or consented to the application of trust funds actually received by him [or her] . . . for purposes other than a purpose of the trust as specified in section seventy-one of this chapter" (see Teves v Greenspun, 159 AD3d 1105, 1106-1107 [3d Dept 2018]; Anthony DeMarco & Sons Nursery, LLC v Maxim Constr. Serv. Corp., 130 AD3d 1409, 1411 [3d Dept 2015]). The evidence submitted by Zellar defendants in opposition to the motion failed to raise a triable issue of fact, and indeed supported the conclusion that they neglected to comply with the requirements of Lien Law § 75 (see generally Matter of Bette & Cring, LLC v Brandle Meadows, LLC, 81 AD3d 1152, 1155-1156 [3d Dept 2011]).
Additionally, we agree with plaintiffs that the court erred in granting Zellar defendants' purported cross motions seeking an order directing plaintiffs to release trust funds to ProBuild and MHM. Assuming, arguendo, that Zellar defendants submitted a proper cross motion seeking that relief from plaintiffs (cf. Mango v Long Is. Jewish-Hillside Med. Ctr., 123 AD2d 843, 844 [2d Dept 1986]), we conclude that they did not rely upon any law that would permit such relief and did not state which, if any, cause of action, cross claim or counterclaim was the basis for the relief sought, and "[w]e note that the court failed to specify . . . the cause or causes of action that served as the basis for granting the [cross] motion[s]" (Abbott Bros. II Steak Out, Inc. v Tsoulis, 162 AD3d 1472, 1474 [4th Dept 2018]). Moreover, Zellar defendants failed to submit evidence in admissible form demonstrating that there are no material issues of fact regarding the propriety of the requested relief and thus failed to establish their entitlement to judgment as a matter of law (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Furthermore, by directing that plaintiffs calculate the claims of all possible unpaid subcontractors and deposit funds to pay all of them into Zellar defendants' trust account, the court erred in awarding relief [*3]beyond that requested in those purported cross motions (see generally Integrated Voice & Data Sys., Inc. v Groh, 147 AD3d 1302, 1304 [4th Dept 2017]). We therefore further modify the order by denying Zellar defendants' cross motions and vacating the first ordering paragraph.
On its cross appeal, ProBuild contends that the court erred in denying its motion for partial summary judgment on its cross claims against Zellar defendants for personal guarantee and breach of contract. In light of its determination with respect to Zellar defendants' cross motions, the court denied that motion on the ground that it was moot. In view of our determination, the motion of ProBuild is no longer moot, and therefore we further modify the order by vacating the fifth ordering paragraph, and we remit the matter to Supreme Court for a determination of that motion on the merits (see Lynch v Waters, 82 AD3d 1719, 1723-1724 [4th Dept 2011]). We note that the court also deemed moot the cross motion for partial summary judgment of MHM, a nonappealing party, for the same reason it deemed ProBuild's motion to be moot. Although we have the power to search the record and determine MHM's cross motion despite its failure to appeal from the order (see CPLR 3212 [b]; see e.g. Tannenbaum v Republic Ins. Co., 249 AD2d 460, 461-462 [2d Dept 1998], lv denied 92 NY2d 810 [1998]; see generally Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-111 [1984]), we decline to do so under the circumstances presented here. Nevertheless, because that cross motion is no longer moot, we further modify the order by vacating the fourth ordering paragraph, and we also direct Supreme Court to determine that cross motion on the merits upon remittal (see Johnson v Yarussi Const., Inc., 74 AD3d 1772, 1773 [4th Dept 2010]; Chang Han Kim v Clymer Cent. Sch., 72 AD3d 1547, 1548 [4th Dept 2010]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court