Dean/Wolf Architects v Gottlieb (2020 NY Slip Op 02159)





Dean/Wolf Architects v Gottlieb


2020 NY Slip Op 02159


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Oing, Singh, Moulton, JJ.


11321 651932/14

[*1]Dean/Wolf Architects, Plaintiff-Appellant,
v
Steven Gottlieb, Defendant-Respondent, Stephanie Gottlieb, et al.,Defendants.


Nelson Madden Black LLP, New York (John B. Madden of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains (Thomas M. Smith of counsel), for respondent.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered March 25, 2019, which, to the extent appealed from, following a nonjury trial, denied in part plaintiff's claim for damages resulting from defendant's breach of an agreement for architectural services, unanimously affirmed, without costs.
While the trial court should not have interpreted section 11.5.1 of the parties' agreement to divest plaintiff of all damages under the agreement, plaintiff failed to prove its entitlement to any amounts beyond the sum awarded (see Cobble Hill Nursing Home v Henry & Warren Corp. , 74 NY2d 475, 483 [1989], cert denied 498 US 816 [1990]). Its invoices, time sheets, and payment records failed to establish that there was more due and owing under the agreement, as claimed, and it failed to plead or prove quantum meruit damages (see Najjar Indus. v City of New York , 87 AD2d 329, 334 [1st Dept 1982], affd 68 NY2d 943 [1986]). However, the testimony of both parties' witnesses established that certain additional services were performed, accepted, documented, and submitted for payment, which warranted the fees awarded, plus interest at the contractual rate of 1%.
Contrary to its contention, plaintiff failed to demonstrate that it was entitled to lost profits under section 11.5.3 of the agreement (see Wade Lupe Constr. Co. v B & J Roofing Co. , 84 AD2d 615, 615 [3d Dept 1981], affd 55 NY2d 993 [1982]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK