Rockmore Contr. Corp. v City of New York (2025 NY Slip Op 06669)

Rockmore Contr. Corp. v City of New York

2025 NY Slip Op 06669

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Index No. 652483/22|Appeal No. 4482|Case No. 2024-05664|

[*1]Rockmore Contracting Corp., Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.

Cullen and Dykman LLP, Uniondale (Jean-Pierre van Lent of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Elina Druker of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about September 5, 2024, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the claims for delay damages related to extended field office costs, extended site overhead (ESO), and weather, unanimously modified, on the law, to reinstate plaintiff's claim for ESO damages incurred in connection with the services of its outside construction consultation and management firm, the matter remanded for further proceedings consistent herewith, and otherwise affirmed, without costs.
The court correctly dismissed plaintiff's claims for extended field office costs and certain of the ESO costs because its expert improperly used the bid amount in calculating those claims (see Five Star Elec. Corp. v A.J. Pegno Constr. Co., Inc./Tully Constr. Co., Inc., 209 AD3d 464, 464 [1st Dept 2022]). "It is well established that prebid estimates made by the contractor to compute a bid price are not a valid basis for computing recovery" (Najjar Indus. v City of New York, 87 AD2d 329, 332 [1st Dept 1982], affd 68 NY2d 943 [1986]).
However, summary judgment should not have been granted as to one distinct category of ESO costs which plaintiff incurred in connection with project management services rendered by J.S. Held (JSH). The costs incurred for JSH's services were not calculated based on bid estimates but rather are documented ESO costs that plaintiff incurred after its bid was accepted and which were unforeseeable at that time. Issues of fact also exist as to whether delays on defendant's part caused plaintiff to require JSH's services and whether plaintiff waived its right to recover such costs under the terms of the parties' contract by failing to sufficiently document them.
The court also properly dismissed plaintiff's weather delay damages claim, which was excluded by the parties' construction contract and was not solely caused by defendant (see Henick-Lane, Inc. v 616 First Ave. LLC, 214 AD3d 435, 436 [1st Dept 2023]).
The Decision and Order of this Court (238 AD3d 681 [1st Dept 2025]) entered herein on May 29, 2025 is hereby recalled and vacated (see M-4883, decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025