■ MICKEY BRUNSON, Appellant, v LONNELL STRONG et al., Respondents. [899 NYS2d 722]—Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (David Michael Barry, J.), entered February 23, 2009. The judgment awarded plaintiff money damages following an inquest on damages upon the default of defendants.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs. Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.

■ MICHELLE EDGETT, Individually and as Parent and Natural Guardian of KIYA EDGETT, an Infant, et al., Respondents, v NORTH FORK BANK et al., Defendants. NORTH FORK BANK, Third-Party Plaintiff-Respondent, v KAREN CLARELLI, Doing Business as KC RECOVERY, et al., Third-Party Defendants, and NORTHWAY EXCHANGE AUTO AUCTION, Third-Party Defendant-Appellant. [899 NYS2d 691]—Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered February 17, 2009 in a personal injury action. The order, insofar as appealed from, denied the motion of third-party defendant Northway Exchange Auto Auction to dismiss the third amended third-party complaint against it.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In an action to recover damages for personal injuries sustained in a motor vehicle accident, third-party defendant Northway Exchange Auto Auction (Northway) appeals from an order that, inter alia, denied its motion for summary judgment dismissing the third amended third-party complaint against it. Supreme Court properly denied the motion, regardless of its merits, inasmuch as Northway failed to provide in support of its motion a copy of all of the third-party pleadings (*see* CPLR 3212 [b]; *D.J. Enters. of WNY v Benderson*, 294 AD2d 825 [2002]).

We note in addition that, although defendant North Fork Bank (North Fork) purports to cross-appeal from those parts of the order denying its cross motion for summary judgment dismissing the fourth amended complaint against it and for summary judgment on the third amended third-party complaint against Northway, that cross appeal was deemed dismissed nine months after the service of the notice of appeal based on North Fork's failure to perfect it (*see* 22 NYCRR 1000.12 [b]). North Fork has not moved to vacate that dismissal (*see* 22 NYCRR 1000.13 [g]), and thus its requests for affirmative relief are not before us. Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.