Lapenna Contr., Ltd. v Mullen (2020 NY Slip Op 06183)





Lapenna Contr., Ltd. v Mullen


2020 NY Slip Op 06183


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

528992

[*1]Lapenna Contracting, Ltd., Appellant,
v
David L. Mullen et al., Respondents, et al., Defendants.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


H. Scott Ziemelis, Middletown, for appellant.
Christopher J. Smith, Middletown, for respondents.



Colangelo, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered February 4, 2019 in Ulster County, upon a decision of the court in favor of defendants David L. Mullen and Lynn M. Veluta-Mullen.
In July 2016, plaintiff and defendants David L. Mullen and Lynn M. Veluta-Mullen (hereinafter collectively referred to as defendants) entered into a construction contract to erect an addition to defendants' home. To finance the project, defendants applied for a construction loan from defendant PrimeLending and, after entering into a contract with plaintiff required by the lender, closed on the loan.[FN1] Pursuant to the contract, the project completion date was April 8, 2017. Defendants requested and were given two draws from the loan totaling $36,350 through December 2, 2016 and paid plaintiff an additional $9,515.48 out of pocket. Defendants terminated plaintiff's services in March 2017 and hired one of plaintiff's subcontractors to complete the project. In May 2017, plaintiff commenced this action to recover $33,870, asserting, among other things, causes of action for breach of contract, quantum meruit and unjust enrichment and seeking to collect on the mechanic's lien filed after its employment was terminated. Defendants joined issue and counterclaimed for, among other things, breach of contract, contending that plaintiff failed to expeditiously perform the work under the contract, failed to furnish defendants with a written progress schedule as required by the contract, failed to make crucial promised repairs and overcharged additional amounts that defendants were not obligated to pay.
Following a bench trial, Supreme Court dismissed plaintiff's breach of contact claim, finding that plaintiff's contract violated General Business Law § 771 (1) (b) in that the contract failed to contain an estimated completion date and other statutorily required details concerning completion of the project and that plaintiff failed to substantially perform the contract and was therefore not entitled to recover damages thereunder. The court found that plaintiff did establish its cause of action for quantum meruit, but only to the extent of awarding plaintiff $645 for work performed for which defendants had agreed to pay. Plaintiff's remaining causes of action were dismissed. As to defendants' counterclaim for breach of contract, the court awarded them $13,235 as a credit for charges that were double billed, inappropriate or unjustified, and $29,790.91 in damages for the amount that defendants paid to have the project completed. The court also awarded defendants $33,225 in damages for the exaggerated amount set forth in the mechanic's lien filed by plaintiff. Plaintiff appeals, and we affirm.
Initially, plaintiff argues that Supreme Court erred in dismissing its cause of action for breach of contract and awarding defendants damages on their counterclaim. "When reviewing a nonjury verdict, [this Court] independently review[s] the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant[s] the judgment warranted by the record while according due deference to the trial court's factual findings and credibility determinations" (Galarneau v D'Andrea, 184 AD3d 1064, 1065 [2020] [internal quotation marks and citations omitted]; see Grimaldi v Sangri, 177 AD3d 1208, 1209-1210 [2019]; Protect the Adirondacks! Inc. v New York State Dept. of Envtl. Conservation, 175 AD3d 24, 27 [2019]).
The record reflects, and plaintiff does not dispute, that he failed to comply with General Business Law § 771 (1) (b), which requires that a home improvement contract include, among other things, provisions as to "[t]he approximate dates, or estimated dates, when the work will begin and be substantially completed, including a statement of any contingencies that would materially change the approximate or estimated completion date." Inasmuch as the contract failed to include these statutorily required provisions, we find that Supreme Court properly dismissed plaintiff's breach of contract claim as "a contractor cannot enforce a contract that fails to comply with General Business Law § 771" (Grey's Woodworks, Inc. v Witte, 173 AD3d 1322, 1323 [2019] [internal quotation marks and citation omitted]). The remaining doctrines raised by plaintiff, including premature termination, improper acceleration and anticipatory repudiation of the contract — ostensibly to defeat defendants' counterclaim — are unpreserved for our review as they are raised for the first time on appeal (see Marshall of City of Albany, 184 AD3d 1043, 1044 [2020]; Matter of Amanda YY. v Ramon ZZ., 182 AD3d 662, 664 [2020]; Stein v Kendal at Ithaca, 129 AD3d 1366, 1367 [2015]).
Turning to Supreme Court's award to defendants on their counterclaim for breach of contract, we find that the record evidence supports the court's finding that plaintiff breached the contract. "To recover for a breach of contract, a party must establish the existence of a contract, the party's own performance under the contract, the other party's breach of its contractual obligations, and damages resulting from the breach" (Adirondack Classic Design, Inc. v Farrell, 182 AD3d 809, 811 [2020];see Carroll v Rondout Yacht Basin, Inc., 162 AD3d 1150, 1151 [2018], appeal and lv dismissed 32 NY3d 1035 [2018]; WFE Ventures, Inc. v Mills, 139 AD3d 1157, 1160 [2016]). The credible testimony at trial established that the work performed by plaintiff was deficient, beginning with plaintiff breaking both the water line and septic pipe during excavation. According to the testimony of the engineer, industry custom and standards required plaintiff, after the water line was broken, to locate and mark the septic pipe before excavating. In addition, plaintiff failed to follow the architectural plans furnished to it and instead created a new plan that did not reflect defendants' original plan or their wishes. As a result, a set of stairs was incorrectly installed overlapping the parking bay in the garage. A photograph of the garage was introduced on defendants' case, which corroborated this testimony. The record further established, among other things, that the contract provided for the installation of a concrete retaining wall extension to the foundation. Instead, plaintiff built a stonewall from materials on defendants' property.
Moreover, the record demonstrates that, when plaintiff was fired in March 2017, approximately seven months after work began, limited progress had been made on the project. Indeed, the only completed work consisted of excavation of the work site, construction of the foundation, framing for the project, minor interior build-out work, construction of the driveway retaining wall and installation of water lines in the open ceiling of defendants' basement. The work that was not completed included installation of the garage floor, garage overhead doors, windows in the addition, trim and siding, insulation, footing drains, roof to the addition, installation of hardwood floors, interior framing and finishing, electrical plumbing, landscaping and the replacement of the existing roof. According to the engineer's testimony at trial, which Supreme Court credited in arriving at its determination, the approximate value of work and material furnished by plaintiff at the time it was terminated was $36,350, although it was paid $45,865.48. Accordingly, in reviewing the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and according due deference to Supreme Court's factual and credibility determinations, we find the court's determination to grant defendants' counterclaim to be supported by the record (see Galarneau v D'Andrea, 184 AD3d at 1065).
Plaintiff next contends that the damages awarded to defendants on their breach of contract counterclaim was excessive. We disagree. "[T]he proper measure of damages for breach of a construction contract is the cost to either repair the defective construction or complete the contemplated construction" (Haber v Gutmann, 64 AD3d 1106, 1108 [2009], lv denied 13 NY3d 711 [2009]; see Feldin v Doty, 45 AD3d 1225, 1226 [2007]). Supreme Court found that defendants were entitled to a credit in the amount of $13,235 for charges that were double billed. Such credit lowered the amount that defendants owed plaintiff under the contract to $32,630.48, leaving a contract balance of $52,119.52 had plaintiff completed the project. Defendants paid plaintiff's subcontractor $81,910.43, which the court found was reasonably necessary to complete the project, and plaintiff was therefore liable to defendants for the difference of $29,790.91. The court erred, however, in awarding defendants $43,025.91 on their breach of contract counterclaim since $13,235 was already accounted for when the court lowered the amount that defendants owed plaintiff under the contract from $52,119.52 to $32,630.48. Accordingly, we modify the amount of damages that Supreme Court awarded to defendants on their counterclaim for breach of contract to $29,790.91.
Next, we find no merit to plaintiff's contentions that Supreme Court erred in finding that it exaggerated the mechanic's lien and that the court's award to plaintiff on the quantum meruit cause of action was insufficient. Plaintiff's mechanic's lien sought $33,870, which included $15,242 in unpaid labor costs for work performed under the contract and additional work and $18,628 in unpaid materials for work performed under the contract and additional work. James LaPenna, plaintiff's owner, testified on the first day of trial that he had all of the invoices, receipts and other documentation in his office to justify the lien amounts, but he failed to introduce any of these documents into evidence and failed to testify as to the specifics of the work that plaintiff performed. Pursuant to Lien Law § 3, "[a] contractor . . . who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof . . . shall have a lien for . . . the agreed price[] of such labor . . . or materials." However, "[t]he lienor's right to recover is limited by the contract price or the reasonable value of the labor and materials provided. The lienor has the burden of establishing the amount of outstanding debt by proffering proof either of the price of the contract or the value of [the] labor and materials supplied" (DiSario v Rynston, 138 AD3d 672, 673 [2016] [citations omitted]; see Blair v Ferris, 150 AD3d 1365, 1367-1368 [2017]).
Here, the record reflects that all alleged "additional work" was included in the contract for which plaintiff was already paid over $45,865.48 at the time that it filed the lien. As Supreme Court correctly found, an award of the claimed lien amount of $33,780 would result in a payment to plaintiff of $79,735.48, or 94% of the contract price, when expert testimony established that plaintiff performed only $36,350 worth of reasonable site work. Given these estimations and the court's findings of plaintiff's and LaPenna's inability to be trustworthy, the court's determination that plaintiff willfully exaggerated the lien beyond inaccuracy "in an attempt to coerce . . . [d]efendants to acquiesce to plaintiff's unreasonable and fictitious demands" is a sufficient basis to find willful exaggeration, rendering the lien null and void and rendering plaintiff liable in damages to defendants (see Lien Law §§ 39, 39-a; NY Professional Drywall of OC, Inc. v Rivergate Dev., LLC, 137 AD3d 1509, 1510 [2016]; Pyramid Champlain Co. v Brosseau & Co., 267 AD2d 539, 542-543 [1999], lvs denied 94 NY2d 760 [2000]). Our review of the record supports the court's award to defendants of $33,225 plus reasonable counsel fees of $3,750, as well as costs and disbursements on their counterclaim for willful exaggeration of the mechanic's lien. To the extent that plaintiff's remaining contentions are properly before us and are not academic in light of our findings, we have considered those contentions and find them to be without merit.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as awarded defendants David L. Mullen and Lynn M. Veluta-Mullen $43,025.91 on their counterclaim for breach of contract; said defendants are awarded $29,790.91 on said counterclaim; and, as so modified, affirmed.



Footnotes

Footnote 1: The Fannie Mae HomeStyle and HomePath Construction Contract set forth a 180-day time frame for completion of the work and required plaintiff to provide an estimated progress schedule to defendants before the work began.