Davis v Zeh (2021 NY Slip Op 06905)





Davis v Zeh


2021 NY Slip Op 06905


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

532856
[*1]Jonathan H.F. Davis, Appellant-Respondent,
v
Matthew R. Zeh, Respondent- Appellant.

Calendar Date:October 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Law Office of James M. Hartmann, Delhi (James M. Hartmann of counsel), for appellant-respondent.
Cooper Erving & Savage LLP, Albany (Carlo A.C. de Oliveira of counsel), for respondent-appellant.



Colangelo, J.
(1) Cross appeals from that part of an order of the Supreme Court (Northrup Jr., J.), entered October 5, 2020 in Delaware County, which (a) partially granted defendant's cross motion for partial summary judgment on his first counterclaim and denied said cross motion for summary judgment dismissing the complaint, and (b) partially granted plaintiff's cross motion for summary judgment dismissing defendant's third counterclaim, and (2) appeal from an order of said court, entered January 27, 2021 in Delaware County, which, upon reargument, granted defendant's cross motion for summary judgment dismissing the complaint.
Plaintiff is a veterinarian and the sole proprietor of a veterinary practice known as Valley Veterinary Associates (hereinafter VVA). Defendant, also a veterinarian, had been employed by plaintiff since 2012 pursuant to two written contracts of employment, each for a two-year period. Plaintiff terminated defendant's employment with VVA in March 2018. At the time of his termination, defendant's employment with VVA was also governed by a written employment contract (hereinafter the contract). Unlike the prior two contracts, which expired after a stated period of time, the contract at issue was to expire upon a stated occurrence that was estimated to occur within one year — upon defendant buying into VVA with the potential of becoming a partner in the practice. As relevant here, the contract provided that either party seeking to terminate or renew the contract was required to provide the other with 90 days' notice. Further, the contract contained a restrictive covenant — in the event of defendant's termination, defendant would be barred from opening a veterinary practice within 40 miles of VVA for a period of five years. The contract also expressly represented that defendant had received and read the employment manual maintained by VVA, which, as relevant here, defined behavior that, if committed, would justify immediate termination for cause.
It is undisputed that plaintiff terminated defendant's employment in March 2018 without providing defendant with the contractually required notice and that, a few months later, defendant opened his own veterinary practice within 40 miles of VVA. After an unsuccessful letter to cease and desist, plaintiff commenced this action seeking to enforce the covenant not to compete and seeking damages in relation to defendant's purported breach of contract. Defendant joined issue and thereafter filed an amended answer raising several counterclaims, the first of which asserted that plaintiff breached the employment contract by failing to provide 90 days' notice prior to termination. As relevant here, plaintiff cross-moved for summary judgment seeking dismissal of defendant's second, third and fourth counterclaims, alleging fraudulent inducement, breach of fiduciary duty and judicial dissolution, respectively; said cross motion was granted unopposed. The order of dismissal was thereafter vacated and [*2]defendant submitted opposition and cross-moved for summary judgment dismissing plaintiff's complaint and for partial summary judgment on his first and third counterclaims.[FN1]
By order entered October 5, 2020, Supreme Court granted partial summary judgment to defendant on his breach of contract and judicial dissolution counterclaims and granted plaintiff's cross motion dismissing the second and third counterclaims. Although the court found that plaintiff had breached the contract by failing to give defendant the contractually required 90 days' notice prior to terminating him, the court initially denied defendant's cross motion for summary judgment seeking dismissal of plaintiff's complaint; however, upon defendant's motion to reargue, the court granted defendant's cross motion for summary judgment dismissing plaintiff's complaint by order entered January 27, 2021. Plaintiff appeals from that part of the October 5, 2020 order as granted defendant's cross motion for partial summary judgment on his breach of contract counterclaim and from the January 27, 2021 order as granted defendant's cross motion for summary judgment dismissing the complaint. Defendant cross appeals from that part of the October 2020 order as denied his cross motion for summary judgment dismissing the complaint and from that part of said order as dismissed his third counterclaim.[FN2]
Plaintiff contends that Supreme Court erred in granting defendant's cross motion for partial summary judgment on his breach of contract counterclaim. Plaintiff further contends that the court erred in granting reargument and then granting defendant's cross motion for summary judgment dismissing the complaint. We disagree with both contentions.
"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action. The moving party's failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (WFE Ventures, Inc. v GBD Lake Placid, LLC, 197 AD3d 824, 827 [2021] [internal quotation marks, brackets, ellipsis and citations omitted]; see CPLR 3212 [b]). On a motion for summary judgment, "evidence produced by the movant must be viewed in the light most favorable to the nonmovant, affording the nonmovant every favorable inference" (Framan Mech., Inc. v State Univ. Constr. Fund, 182 AD3d 947, 948 [2020] [internal quotation marks and citations omitted]; see Aretakis v Cole's Collision, 165 AD3d 1458, 1459 [2018]).
"In order to establish a cause of action for breach of contract, 'a party must establish the existence of a contract, the party's own performance under the contract, the other party's breach of its contractual obligations, and damages resulting from [*3]the breach'" (EDW Drywall Constr., LLC v U.W. Marx, Inc., 189 AD3d 1720, 1722 [2020], quoting Adirondack Classic Design, Inc. v Farrell, 182 AD3d 809, 811 [2020]; see Connors v Jannuzzo, 195 AD3d 1101, 1101 [2021]). "It is well settled that a contractual agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (EDW Drywall Constr., LLC v U.W. Marx, Inc., 189 AD3d at 1722 [internal quotation marks and citations omitted]).
In support of his cross motion for partial summary judgment on his breach of contract counterclaim, defendant submitted, among other things, the most recent of the three employment contracts with VVA, dated April 8, 2016, which provides for 90 days' notice of employment renewal/termination by either party. Plaintiff admitted during his deposition that he did not provide 90 days' notice to defendant prior to terminating him but claimed that he was not required to provide such notice where, as alleged here, defendant, among other things, mistreated animals, and was therefore subject to immediate termination for cause as set forth in the employee manual. However, "[r]outinely issued employee manuals, handbooks and policy statements should not be lightly converted into binding employment agreements" (Lobosco v New York Tel. Co./NYNEX, 96 NY2d 312, 317 [2001]). Here, plaintiff seeks to go a step further and use the provisions of the manual to override an express contractual prescription. This is impermissible. As Supreme Court correctly held, plaintiff could not rely on the immediate termination provision in the employee manual to render the notice provision in the contract meaningless.
Regardless of whether plaintiff had just cause to terminate defendant's employment, which he appears to rely upon to justify his actions, plaintiff was nonetheless required to comply with any specific condition precedent in the contract before defendant could be lawfully terminated (see O'Brien & Gere, Inc. of N. Am. v G.M. McCrossin, Inc., 148 AD3d 1804, 1805-1806 [2017]; Hanson v Capital Dist. Sports, 218 AD2d 909, 911 [1995]). It is undisputed that plaintiff did not provide defendant with the contractually required notice before terminating him and, in failing to do so, plaintiff breached the contract. Therefore, Supreme Court properly found that defendant met his prima facie burden for partial summary judgment on his counterclaim for breach of contract, and that plaintiff, in opposition, failed to establish the existence of an issue of material fact precluding summary judgment thereon (see Connors v Jannuzzo, 195 AD3d at 1101-1102; GRJH, Inc. v 3680 Props., Inc., 179 AD3d at 1179).
We find that, in light of Supreme Court's determination that plaintiff breached the contract, it was an appropriate exercise of discretion to grant defendant leave to reargue the prior denial of his cross motion for summary judgment dismissing the complaint and, upon reargument, dismiss the complaint[*4]. "To succeed on a motion to reargue, a party must demonstrate that the court overlooked or misapprehended the facts and/or the law or mistakenly arrived at its earlier decision" (Weaver v Weaver, 198 AD3d 1140, 1143 [2021] [internal quotations marks and citation omitted]; see CPLR 2221 [2] [d]; Greene Major Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d 1317, 1318-1319 [2017]). The court initially denied defendant's cross motion for summary judgment dismissing the complaint prior to concluding that plaintiff breached the contract and that defendant was entitled to partial summary judgment on his counterclaim for breach of contract. "[A] motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court" and "even in situations where the criteria for granting [such] motion are not technically met, courts retain flexibility to grant such a motion when it is deemed appropriate" (Loris v S & W Realty Corp., 16 AD3d 729, 730 [2005] [internal quotation marks and citation omitted]). "When a party benefiting from a restrictive covenant in a contract breaches that contract, the covenant is not valid and enforceable against the other party because the benefiting party was responsible for the breach" (DeCapua v Dine-A-Mate, Inc., 292 AD2d 489, 491 [2002]; see Cornell v T.V. Dev. Corp., 17 NY2d 69, 75 [1966]; Michael I. Weintraub, M.D., P.C. v Schwartz, 131 AD2d 663, 665-666 [1987]). Accordingly, as this principle of law was not yet decided and/or was overlooked at the time that defendant's cross motion was initially denied, granting reargument followed by dismissal of the complaint was in the proper exercise of the court's discretion (see Loris v S & W Realty Corp., 16 AD3d at 730).
We have considered plaintiff's remaining contentions and find them to be without merit.
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: Defendant did not oppose plaintiff's motion for summary judgment dismissing his counterclaim for fraudulent inducement.

Footnote 2: As a result of the January 27, 2021 order, defendant is no longer aggrieved by that portion of the October 5, 2020 order that denied his cross motion for summary judgment dismissing the complaint. Further, as defendant has not raised any arguments in his brief with respect to Supreme Court's order granting plaintiff's cross motion dismissing his third counterclaim, his appeal therefrom is deemed abandoned (see Matter of Rossi v Albert Pearlman Inc., 188 AD3d 1362, 1363 n 1 [2020]; Matter of Clearview Ctr., Inc. v New York State Off. of the Medicaid Inspector Gen., 172 AD3d 1582, 1584 n 2 [2019]).