White Knight Constr. Contrs., LLC v Haugh (2023 NY Slip Op 02730)

White Knight Constr. Contrs., LLC v Haugh

2023 NY Slip Op 02730

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

535711
[*1]White Knight Construction Contractors, LLC, Appellant,
v
Holly Anne Haugh, Formerly Known as Holly Anne Blake, Respondent.

Calendar Date:March 27, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Sheats & Bailey, PLLC, Liverpool (Jason B. Bailey of counsel), for appellant.
Hancock Estabrook, LLP, Syracuse (Anneliese R. Aliasso of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Donald F. Cerio Jr., J.), entered May 16, 2022 in Madison County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff is a residential construction and remodeling contractor company owned and operated by its members, brothers Kenneth and Donald Kovalewski. Between 2014 and May 2017, Kenneth Kovalewski and defendant were in a romantic relationship.[FN1] In September of 2015, Kenneth Kovalewski began constructing a custom home for defendant. In November of that year, plaintiff and defendant entered into a written construction contract. The contract, which was prepared by Kenneth Kovalewski, contained a "New Home Cost Breakdown" setting forth both projected and actual expenses. Importantly, it provided that defendant would pay plaintiff a specific "contract sum" of $93,287.78. In June 2017, after construction was completed and the parties' relationship had terminated, plaintiff filed a mechanic's lien for labor and materials in the sum of $317,128. In March 2019, plaintiff commenced this action. Defendant answered and asserted a counterclaim for willful exaggeration of the mechanic's lien.
Defendant moved for summary judgment seeking to dismiss the complaint, asserting that the construction contract prohibits plaintiff from proceeding under theories of quantum meruit or an oral contract. Plaintiff opposed the motion and cross-moved for summary judgment on liability only. Supreme Court found that the contract as written was compliant with General Business Law § 771, unambiguous and enforceable; thus, the court granted defendant's motion for summary judgment dismissing the complaint, vacated the mechanic's lien and denied plaintiff's cross-motion as moot. Plaintiff appeals.
"On a motion for summary judgment, the movant must establish [his or her] prima facie entitlement to judgment as a matter of law by presenting competent evidence that demonstrates the absence of any material issue of fact. Only when the movant satisfies [his or her] obligation does the burden shift to the nonmovant to present evidence demonstrating the existence of a triable issue of fact" (Aretakis v Cole's Collision, 165 AD3d 1458, 1459 [3d Dept 2018] [internal quotation marks and citations omitted]). "[E]vidence produced by the movant must be viewed in the light most favorable to the nonmovant, affording the nonmovant every favorable inference" (Davis v Zeh, 200 AD3d 1275, 1278 [3d Dept 2021] [internal quotation marks and citations omitted]).
Initially, we disagree with Supreme Court's finding that the contract was compliant with General Business Law § 771. This statute specifically requires that every home improvement contract be in writing, signed by the parties and contain numerous terms and notices to the homeowner. The record reflects, and it is undisputed, that the contract failed to include estimated dates of commencement or completion, numerous other requisite notices [*2]and was not provided to defendant prior to commencing work, all of which are statutorily required. As the contract failed to include these provisions, plaintiff may not recover for breach of the contract or under any purported oral contract (see LaPenna Contr., Ltd. v Mullen, 187 AD3d 1451, 1452-1453 [3d Dept 2020]; Grey's Woodworks, Inc. v Witte, 173 AD3d 1322, 1323 [3d Dept 2019]; Harter v Krause, 250 AD2d 984, 986 [3d Dept 1998]).
That said, noncompliance with General Business Law § 771 does not necessarily render the contract unenforceable, as "this statute does not bar recovery by a homeowner against a contractor" (Grey's Woodworks, Inc. v Witte, 173 AD3d at 1323). Given the context of the case at bar, it is crucial to recognize that General Business Law § 771 is a consumer protection statute designed to protect the homeowner. To allow a contractor to draft a noncompliant contract and then use its noncompliance to invalidate the contract so as to entitle him or her to relief that would otherwise be precluded by a valid contract would incentivize contractors to disregard the statute, thereby thwarting the intent of the statute (see id. at 1323 n 1).
With this in mind, we agree with Supreme Court that the contract here is unambiguous and enforceable by defendant. "It is well settled that a contractual agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Davis v Zeh, 200 AD3d at 1278 [internal quotation marks and citations omitted]). "In determining whether an ambiguity exists, thecourt should examine the entire contract and consider the relation of the parties and the circumstances under which it was executed. Particular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby" (Matter of Warner v Board of Educ., Cobleskill-Richmondville Cent. Sch. Dist., 108 AD3d 835, 836-837 [3d Dept 2013] [internal quotation marks, brackets and citations omitted], lv denied 22 NY3d 859 [2014]; see Van Etten Oil Co., Inc. v Aero Star Petroleum, Inc., 131 AD3d 740, 741 [3d Dept 2015]).
Plaintiff, relying on Adirondack Classic Design, Inc. v Farrell (182 AD3d 809 [3d Dept 2020]), argues that the contract is ambiguous because the final term of the contract provides that "[a]ll labor progress payments will be billed as portions of the work are completed," and yet no hourly rate for said labor is found within the four corners of the contract. In our view, this omission does not, de facto, render the contract ambiguous. Furthermore, any ambiguity in a contract must be construed against the drafter — here, plaintiff by its member Kenneth Kovalewski (see Uribe v Merchants Bank of N.Y., 91 NY2d 336, 341 [1998]; Martin v Martin, 163 AD3d 1139, 1142 [3d Dept 2018]).
Moreover, this matter is wholly distinguishable from Adirondack. In Adirondack, the contract sum was intentionally left [*3]blank, and the parties conceded at trial that they proceeded on a time and material basis as there was no fixed price and that the original estimates were not determinative or binding (Adirondack Classic Design, Inc. v Farrell, 182 AD3d at 810). In the case before us, the record establishes that the contractual agreement clearly delineated the contract sum, that defendant paid the contract sum and, perhaps most telling, that plaintiff never billed defendant for labor as portions of the work were completed or, for that matter, at any time at all.[FN2] Accordingly, Supreme Court properly found that the contract contains essential terms and that it is unambiguous and enforceable. As plaintiff failed to raise a material issue of fact, Supreme Court did not err in granting summary judgment to defendant dismissing the complaint (see Davis v Zeh, 200 AD3d at 1279; Connors v Jannuzzo, 195 AD3d 1101, 1102 [3d Dept 2021]; Currier, McCabe & Assoc., Inc. v Maher, 75 AD3d 889, 892 [3d Dept 2010]).
As for plaintiff's assertion that it is entitled to damages under the theory of quantum meruit, the existence of a valid and enforceable contract that provides for full compensation to plaintiff precludes recovery pursuant to quantum meruit (see Villnave Constr. Servs., Inc. v Crossgates Mall Gen. Co. Newco, LLC, 201 AD3d 1183, 1184 [3d Dept 2022]; M & A Constr. Corp v McTague, 21 AD3d 610, 611 [3d Dept 2005]).
Clark, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Kenneth Kovalewski alleges that he and defendant were friends when her house was being constructed.

Footnote 2: It was only after the termination of the romantic relationship between Kenneth Kovalewski and defendant that plaintiff filed the mechanic's lien on the property.