Ellis Hosp. v Dalrymple

2026 NY Slip Op 02315

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ellis Hospital, Respondent,

v

Lori D. Dalrymple, Appellant.

Decided and Entered:April 16, 2026

CV-25-0562

Calendar Date: February 19, 2026

Before: Garry, P.J., Clark, Pritzker, Mcshan And Corcoran, JJ.

Lori D. Dalrymple, Schenectady, appellant pro se.

ORDD Law, LLP, Clifton Park (Thomas R. McCormick of counsel), for respondent.

[*1]

Clark, J.

Appeal from a judgment of the Supreme Court (Thomas Buchanan, J.), entered March 20, 2025 in Schenectady County, which partially granted plaintiff's motion for summary judgment.

Plaintiff commenced this action to recover $5,048.55, plus interest, for unpaid hospital bills pertaining to services rendered to defendant on May 31, 2023 and June 1, 2023. Defendant, proceeding in a self-represented capacity, answered the complaint and served plaintiff with discovery demands requesting, among other things, information about the services performed and a "detailed breakdown of all interest and fees" requested by plaintiff. Shortly thereafter, plaintiff moved for summary judgment on liability and for an order striking defendant's answer, arguing that defendant was liable for the unpaid medical bills and had no viable defense. Defendant opposed the motion, arguing, among other things, that plaintiff had sent the billing statements demanding payment for the tendered services to the wrong mailing address and, thus, she could not be considered "delinquent" in paying invoices of which she had no notice. In her opposition papers, defendant also requested an order directing plaintiff to provide her with an itemized bill for services "and the chronological order in which such services were performed with the time of day stamped." In reply, plaintiff contested the proposition that defendant did not receive notice of the billing statements, emphasizing that it had sent them "to the address defendant provided at registration and [that] no statement sent by plaintiff was returned [as] undeliverable." Defendant thereafter filed additional papers that she denominated an "Answer," to which she annexed a copy of a healthcare proxy form designating her husband as her healthcare agent and argued that plaintiff performed services without the husband's consent.

By decision and order entered October 10, 2024, Supreme Court held plaintiff's motion for summary judgment in abeyance, ordered plaintiff to file and serve "a supplemental affidavit from a person with knowledge further defining the amounts alleged to be owed by [d]efendant for the care she received," and granted defendant 45 days from the date she was served with such supplemental affidavit to file "any specific written objections to the charges listed in the supplemental affidavit." Pertinent here, the court found that there was a question of fact as to whether defendant had received any billing statements from plaintiff and, thus, whether she failed to object to such bills within a reasonable amount of time, thereby precluding judgment as a matter of law on a claim for an account stated. As for plaintiff's attempt to recover the unpaid bills under a breach of contract theory, the court noted that plaintiff had "submitted a copy of a written guaranty of payment for hospital services signed by defendant's husband," as well as "an itemized statement of the services rendered, the cost of such services, and the medical insurance [*2]payments credited against the amount owed," finding that such proof would ordinarily be sufficient to "show [d]efendant's liability for the subject charges." However, because the court could not reconcile the amount requested in the complaint with the bill annexed to plaintiff's motion papers, it held resolution of plaintiff's summary judgment motion in abeyance pending receipt of a supplemental affidavit and any objections by defendant. In accordance with Supreme Court's directive, plaintiff filed a supplemental affidavit further detailing the amount allegedly owed by defendant. Defendant objected to the charges, contending that she was billed for services that were not medically necessary and that had not been authorized by her husband in his capacity as health care proxy.

By decision and order entered March 20, 2025, Supreme Court partially granted plaintiff's motion to the extent of awarding it a judgment against defendant in the amount of $5,048.55, plus costs and disbursements, finding that plaintiff had tendered sufficient evidence to satisfy its prima facie burden of demonstrating its entitlement to judgment as a matter of law on its claim for recovery of the unpaid medical bills and that defendant did not raise a triable issue of fact in opposition. A corresponding judgment memorializing the March 20, 2025 order was subsequently issued. Defendant appeals from the March 20, 2025 judgment.FN1

We affirm. Initially, the record does not support defendant's claim of judicial bias and, to the extent properly before us, we reject such claim outright (see Steuhl v CRD Metalworks, LLC, 159 AD3d 1182, 1184 [3d Dept 2018]; Matter of Flanigan v Smyth, 148 AD3d 1249, 1253 [3d Dept 2017], lv dismissed 29 NY3d 1046 [2017]). Nor did Supreme Court err in initially holding plaintiff's motion for summary judgment in abeyance and ordering the production of additional documentation in support of the motion (see CPLR 3212 [f]). Contrary to defendant's contention, Supreme Court also appropriately construed her supplemental papers filed in response to plaintiff's reply papers on the summary judgment motion as a surreply. Since the record is devoid of evidence that defendant sought leave to file a surreply, the court properly declined to consider such papers (see CPLR 2214 [b], [c]; HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 985 [2d Dept 2015]).

Turning to the underlying merits of the appeal, we discern no basis upon which to disturb Supreme Court's grant of summary judgment to plaintiff and directing the entry of the judgment it sought against defendant. On a motion for summary judgment, the moving party has the initial burden of establishing its entitlement to judgment as a matter of law "by presenting competent evidence that demonstrates the absence of any material issue of fact" (White Knight Constr. Contrs., LLC v Haugh, 216 AD3d 1345, 1346 [3d Dept 2023] [internal quotation marks and citations omitted]; see Voss v Netherlands Ins. Co., 22 NY3d 728, 734[*3][2014]). Upon satisfying such initial burden, the burden then shifts to the nonmoving party "to present evidence demonstrating the existence of a triable issue of fact" in opposition (White Knight Constr. Contrs., LLC v Haugh, 216 AD3d at 1346-1347 [internal quotation marks and citations omitted]; see Durr v Capital Dist. Transp. Auth., 198 AD3d 1238, 1239 [3d Dept 2021]). "Evidence produced by the movant must be viewed in the light most favorable to the nonmovant, affording the nonmovant every favorable inference" (White Knight Constr. Contrs., LLC v Haugh, 216 AD3d at 1347 [internal quotation marks, brackets and citations omitted]; see Vickers v Parcells, 198 AD3d 1160, 1161 [3d Dept 2021]).

In support of its motion, plaintiff proffered evidence establishing that it rendered hospital and medical services to defendant from May 31, 2023 to June 1, 2023, produced an itemized bill for such services, and demonstrated that, after billing defendant's insurance, $5,048.55 in outstanding charges remained, representing the amount of defendant's deductible. Plaintiff also submitted a copy of a written services agreement signed by defendant's husband on the date of defendant's hospitalization, in which he consented to the tendering of medical services to defendant. Notably, the agreement provided that the signatory "or the patient" would be "financially responsible for charges not paid" by defendant's insurer. Such evidence satisfied plaintiff's prima facie burden to demonstrate its entitlement to judgment as a matter of law on its claim seeking recovery of the outstanding medical bills from defendant, thereby shifting the burden to plaintiff to establish a triable issue of fact in opposition (see Albany Med. Ctr. Hosp. v Armlin, 146 AD2d 866, 866 [3d Dept 1989]; Samaritan Hosp. v Chodikoff, 97 AD2d 937, 938 [3d Dept 1983]).

We agree with Supreme Court that, even when construing the evidence in the light most favorable to defendant and affording her the benefit of every favorable inference, she did not demonstrate any triable issues of fact in opposition sufficient to compel the denial of plaintiff's motion. As for defendant's claim that plaintiff rendered services to her without the consent of her husband in his capacity as health care proxy, the medical notes in the record demonstrate that defendant was not incapacitated on the dates in question and that she played an active role in her medical care. Thus, the husband did not assume the role of health care proxy on those dates and plaintiff was not obligated to follow the husband's demands to not treat defendant without his consent. To the extent defendant challenges the existence of a contract obligating her to pay for the services rendered on the ground that she did not execute the written agreement for services form containing the guaranty of payment, the husband signed the services agreement as defendant's "[a]uthorized [r]epresentative" and the agreement expressly provided that either he or "the patient[*4]" would be financially responsible for charges not paid by defendant's insurance provider. Defendant thereafter ratified such agreement by accepting services thereunder (see Seton Health at Schuyler Ridge Residential Health Care v Dziuba, 127 AD3d 1297, 1300 [3d Dept 2015]). Upon reviewing the record, we conclude that defendant did not demonstrate the existence of any triable issues of fact in opposition to plaintiff's motion for summary judgment and, therefore, Supreme Court properly granted plaintiff's motion. Defendant's remaining arguments, to the extent not specifically addressed, have been considered and found unavailing.

Garry, P.J., Pritzker, McShan and Corcoran, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: This Court denied defendant's motion for a stay pending appeal (see 2025 NY Slip Op 73802[U] [3d Dept 2025]).