Amber Well Drilling, LLC v Reed

2026 NY Slip Op 02539

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

AMBER WELL DRILLING, LLC, PLAINTIFF-APPELLANT,

v

TIMOTHY A. REED, JENNIFER M. REED, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

195 CA 24-01399

Present: Curran, J.P., Montour, Smith, Ogden, And Delconte, JJ.

CROSSMORE & TIFFANY, ITHACA (EDWARD Y. CROSSMORE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

WHITEMAN OSTERMAN & HANNA LLP, ALBANY (JENNIFER M. YETTO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeal from a judgment of the Supreme Court, Herkimer County (Mark R. Rose, J.), entered July 30, 2024, in an action for breach of contract. The judgment awarded plaintiff money damages.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, Amber Well Drilling, LLC, a company that provides well drilling and water supply system services, commenced this action alleging, inter alia, that Timothy A. Reed and Jennifer M. Reed (defendants), residential property owners, had breached a written contract with plaintiff for such services by failing to fully pay for their provision and that plaintiff was therefore entitled to recover the remaining balance as well as interest and attorneys' fees as provided in the contract. The matter proceeded to a jury trial, during which Supreme Court ruled and also instructed the jury that plaintiff could not enforce the contract against defendants because the contract failed to conform to the requirements of General Business Law § 771, but that plaintiff could recover for completed work under principles of quantum meruit if the jury found that plaintiff had established the elements of such a claim. The jury rendered a verdict in favor of plaintiff under the theory of quantum meruit.

Plaintiff subsequently moved for the issuance of a judgment in the amount awarded by the jury, plus interest and attorneys' fees as provided in the contract. Plaintiff contended in an attorney affidavit and a memorandum of law (NY St Cts Elec Filing [NYSCEF] Doc No. 114 at 1-4), the latter of which we take judicial notice for preservation purposes (see Nosegbe v Charles, 227 AD3d 1400, 1404 [4th Dept 2024]), that, although the court had ruled in accordance with Appellate Division precedent that the contract was unenforceable against defendants due to its failure to comply with General Business Law § 771, the contract should be partially enforced by severing the provision allowing for plaintiff to recover interest and attorneys' fees in the event of a default in payment.

The court determined in a decision and order that plaintiff could not recover interest and attorneys' fees as provided in the contract because the contract was unenforceable, but the court nonetheless determined that plaintiff was entitled to prejudgment interest for a certain period, albeit at a lower rate than that provided in the contract. Plaintiff now appeals from a final judgment awarding damages together with interest and statutory costs and disbursements, which appeal brings up for review the prior order denying plaintiff's posttrial motion insofar as it sought an award of interest and attorneys' fees as provided in the contract (see CPLR 5501 [a] [1]). We affirm.

We note at the outset that, although defendants initially took a cross-appeal, their cross-appeal was deemed dismissed for failure to timely perfect (see 22 NYCRR 1250.10 [a]). In addition, we granted plaintiff's motion to strike that part of defendants' answering brief that was in support of their cross-appeal, and we denied defendants' subsequent motion to vacate the dismissal of their cross-appeal (see 22 NYCRR 1250.10 [c]). Consequently, any requests by defendants for affirmative relief on appeal are not before us (see Edgett v North Fork Bank, 72 AD3d 1635, 1635 [4th Dept 2010]).

On its appeal, plaintiff contends that we should revisit our precedent in this area of law by adopting a rule that would allow plaintiff to fully enforce the home improvement contract, including the provision for interest and attorneys' fees in the event of a default in payment, via a breach of contract cause of action against defendants, notwithstanding the failure of the contract to strictly comply with General Business Law § 771 or, alternatively, that the contract should be partially enforced by severing from the remainder of the unenforceable contract the provision allowing for plaintiff to recover interest and attorneys' fees.

By way of background, the legislature enacted article 36-A of the General Business Law, which governs home improvement contracts, in order to provide a meaningful measure of protection for residential owners and tenants against fraudulent activities by unscrupulous home improvement contractors while imposing only a minimal burden on legitimate contractors (L 1987, ch 421; see Senate Introducer's Mem in Support, Bill Jacket, L 1987, ch 421 at 6; Assembly Introducer's Mem in Support, Bill Jacket, L 1987, ch 421 at 8; Attorney General's Mem in Support, Bill Jacket, L 1987, ch 421 at 21-22; see also White Knight Constr. Contrs., LLC v Haugh, 216 AD3d 1345, 1347 [3d Dept 2023] [White Knight]). Every home improvement contract subject to the provisions of the article must be in writing and signed by all parties thereto, and must contain numerous terms and notices to the party purchasing the home improvement (see General Business Law § 771 [1]; White Knight, 216 AD3d at 1347). Before any work is done, the party purchasing the home improvement must be furnished with a signed copy of the written agreement, which must be legible, in plain English, and in such a form to describe clearly any other document incorporated into the contract (see § 771 [2]).

Under our precedent, "the failure 'to enter into a signed written home improvement contract in conformity with General Business Law § 771 bars recovery [by the contractor] based upon breach of contract' " (Weiss v Zellar Homes, Ltd., 169 AD3d 1491, 1493 [4th Dept 2019]; see Frank v Feiss, 266 AD2d 825, 826 [4th Dept 1999]). Thus, when a home improvement contract fails to comply with the statutory requirements, the contract is unenforceable by the contractor against the property owner (see Weiss, 169 AD3d at 1492-1493). The Third Department agrees that " 'a contractor cannot enforce a contract that fails to comply with General Business Law § 771' " (Grey's Woodworks, Inc. v Witte, 173 AD3d 1322, 1323 [3d Dept 2019]; see e.g. Schott v Lucatelli, 239 AD3d 1125, 1126 [3d Dept 2025]; White Knight, 216 AD3d at 1347; LaPenna Contr., Ltd. v Mullen, 187 AD3d 1451, 1453 [3d Dept 2020]), whereas the Second Department primarily holds that "the failure to strictly comply with all of the requirements of General Business Law § 771 does not render a home improvement contract per se unenforceable in all cases" (Big C Contr. Corp. v Fishman, 237 AD3d 1022, 1024 [2d Dept 2025]; see Wowaka & Sons v Pardell, 242 AD2d 1, 6 [2d Dept 1998]; but see Home Constr. Corp. v Beaury, 149 AD3d 699, 702 [2d Dept 2017]; see generally Chapman v Davis, 75 Misc 3d 360, 368 [Pleasant Valley Just Ct 2022]). Nevertheless, under our precedent, "although 'the failure to strictly comply with the statute bars recovery under an oral or insufficiently detailed written home improvement contract, such failure does not preclude recovery for completed work under principles of quantum meruit' " (Weiss, 169 AD3d at 1493; see Frank, 266 AD2d at 826; see also Harter v Krause, 250 AD2d 984, 986-987 [3d Dept 1998]).

Here, as the court properly ruled at trial, the contract indisputably failed to comply with General Business Law § 771 because, inter alia, it did not contain plaintiff's license number; state the approximate date of commencement and substantial completion of the work; specify whether the parties had determined a definite completion date to be of the essence; provide a description of the work to be performed and the materials to be provided to defendants, including make, model number or any other identifying information; or include certain requisite notices to defendants (see § 771 [1]; LaPenna Contr., Ltd., 187 AD3d at 1452-1453; Grey's Woodworks, Inc., 173 AD3d at 1323; Weiss, 169 AD3d at 1492-1493). Thus, in accordance with binding precedent, the court properly determined that "the failure 'to enter into a signed written home [*2]improvement contract in conformity with General Business Law § 771 bar[red] recovery [by plaintiff against defendants] based upon breach of contract' " (Weiss, 169 AD3d at 1493; see Frank, 266 AD2d at 826; see also LaPenna Contr., Ltd., 187 AD3d at 1452-1453; Grey's Woodworks, Inc., 173 AD3d at 1323). Plaintiff's " 'failure to strictly comply with the statute bar[red] recovery under . . . [the] insufficiently detailed written home improvement contract,' " even though " 'such failure d[id] not preclude recovery for completed work under principles of quantum meruit' " (Weiss, 169 AD3d at 1493; see Frank, 266 AD2d at 826).

Inasmuch as plaintiff did not raise the specific argument in the trial court, plaintiff failed to preserve for appellate review its contention that, notwithstanding the failure of the contract to strictly comply with General Business Law § 771, it should be allowed to fully enforce the contract, including the provision for interest and attorneys' fees in the event of a default in payment, via a breach of contract cause of action against defendants (see Sabine v State of New York, 43 NY3d 1015, 1016-1018 [2024]). Even " 'in the face of adverse Appellate Division precedent, litigants are expected to preserve' their challenges" for appellate review (id. at 1017 n 2). Contrary to plaintiff's assertion, "the rarely used exception to the preservation rule" for a new issue, even one of pure law, "which applies only where the unpreserved argument could not have been avoided through 'factual showings or legal countersteps' in the trial court . . . , does not apply here" (id. at 1018, quoting Bingham v New York City Tr. Auth., 99 NY2d 355, 359 [2003]). Indeed, the Court of Appeals has expressly disapproved of the application of that exception to preservation in these circumstances (see id.). We decline to address plaintiff's contention in the interest of justice (see generally id. at 1017; Bingham, 99 NY2d at 359).

Furthermore, we reject plaintiff's more narrow, preserved contention that the interest and attorneys' fees provision of the contract may be severed from the otherwise unenforceable contract and then enforced against defendants. " '[A] contractor cannot enforce a contract that fails to comply with General Business Law § 771' " (Grey's Woodworks, Inc., 173 AD3d at 1323; see LaPenna Contr., Ltd., 187 AD3d at 1453; Weiss, 169 AD3d at 1492-1493), and that includes a provision for interest and attorneys' fees (see J.B. Sterling Co. v Verhelle, 397 F Supp 3d 286, 296 [WD NY 2019], reconsideration denied 470 F Supp 3d 298 [WD NY 2020]; see generally Sage Sys., Inc. v Liss, 39 NY3d 27, 30-31 [2022]; NML Capital v Republic of Argentina, 17 NY3d 250, 258 [2011]). In that regard, we agree with defendants that "[t]o allow a contractor to draft a noncompliant contract" and yet still recover attorneys' fees and interest at the contractor's chosen rate as provided in the contract would only "incentivize contractors to disregard the statute, thereby thwarting the intent of the statute," which is "designed to protect the homeowner" (White Knight, 216 AD3d at 1347).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court